# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00267-CR

---

Kendrick Jarrell Smith,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
13th District Court of Navarro County, Texas
Judge Amanda Doan Putman, presiding
Trial Court Cause No. C41893-CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Kendrick Jarrell Smith was charged in an eight-count indictment with the felony offenses of assault on a peace officer (Count One), unlawful possession of a firearm by a felon (Count Two), retaliation (Counts Three and Four), harassment of a public servant (Counts Five, Six, and Seven), and evading arrest with a prior conviction (Count Eight). *See* TEX. PENAL CODE ANN. §§ 22.01(b-2), 22.11, 36.06, 38.04(b)(1), 46.04(a)(1). Each offense was

enhanced with various prior final felony convictions that elevated the respective punishment ranges by one degree. *See id.* at §§ 12.42, 12.425. The State dismissed Count Six, and Smith entered open pleas of guilty to Counts One through Five, Count Seven, and Count Eight, and pled "true" to the enhancement paragraphs for each offense. Following a sentencing hearing, the trial court assessed Smith's punishment at twenty years in prison on Count One, sixteen years in prison on Count Two, fourteen years in prison on Counts Three, Four, Five, and Seven, and six years in prison on Count Eight. This appeal followed.

Smith's appointed counsel has filed a motion to withdraw and an *Anders* brief in support of the motion, asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel's brief demonstrates a professional evaluation of the record for error and he has demonstrated compliance with the other duties of appointed counsel. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407-09 (Tex. Crim. App. 2008). Smith filed a *pro se* response to counsel's *Anders* brief. The State filed a brief in response.

In reviewing an *Anders* appeal, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Ct. of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record, counsel's brief, Smith's *pro se* response, and the State's brief, and we find that the record contains no reversible error and the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Although counsel does not mention this in his brief, we observe that the judgment of conviction in Count Two lists the incorrect offense of conviction, statute for the offense, and degree of offense. The judgment currently reflects that Smith was convicted of the offense of "Unlawful Carry Weapon w/ Felony Conviction," a second-degree felony pursuant to section 46.02(e)(1) of the Penal Code. *See* TEX. PENAL CODE ANN. § 46.02(e)(1). However, Smith was charged in Count Two with unlawful possession of a firearm by a felon pursuant to section 46.04(a) of the Penal Code, a third-degree felony. *See id.* at §§ 46.04(a), (e).[1] Smith's plea paperwork reflects his judicial confession to the offense of

---

[1] Count Two of the indictment charges that Smith:

did then and there, having been convicted of the felony offense of Possession of a Controlled Substance, Penalty Group 1, less than One Gram, on April 25, 2019, in

unlawful possession of a firearm by a felon, and the trial court admonished Smith regarding the unenhanced and enhanced punishment ranges applicable to this offense. We modify the judgment in Count Two as follows: (1) the offense of conviction shall be amended to "Unlawful Possession of a Firearm by a Felon;" (2) the statute for the offense shall be amended to "46.04(e) Penal Code;" and (3) the degree of offense shall be listed as a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (14); *Cummins v. State*, 646 S.W.3d 605, 617-18 (Tex. App.—Waco 2022, pet. ref'd).

Accordingly, we affirm the trial court's judgments in Count One, Count Three, Count Four, Count Five, Count Seven, and Count Eight. We modify the trial court's judgment in Count Two as outlined above, and we affirm the judgment as modified.

Counsel's motion to withdraw from representation of Smith is granted.

_____
STEVE SMITH
Justice

---

cause number C38926 in the County Court at Law of Navarro County, Texas, intentionally and knowingly possess a firearm before the fifth anniversary of the defendant's release from confinement following conviction of the felony.

OPINION DELIVERED and FILED:  September 18, 2025

Before Chief Justice Johnson,
   Justice Smith, and
   Justice Harris
Affirmed; Affirmed as modified; Motion granted
Do not publish
CR25

